# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-918V
### Filed: May 20, 2026

|  |  |
|---|---|
| SHIRLEY RUMPH,<br><br>                       Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Special Master Horner |

*David John Carney, Green & Schafle LLC, Philadelphia, PA, for petitioner.*
*Jamica Marie Littles, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING DAMAGES[1]

On August 17, 2022, petitioner, Shirley Rumph, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012)[2] (the "Vaccine Act"). (ECF No. 1.) Petitioner alleged that she suffered a Table Injury of "SIRVA," *i.e.* a shoulder injury related to vaccine administration, or alternatively a shoulder injury caused-in-fact by her vaccination, following the receipt of an influenza ("flu") vaccine on September 18, 2020. (*Id.*) On April 15, 2026, a ruling on entitlement was issued, finding petitioner entitled to compensation for a Table Injury of SIRVA following her flu vaccination. (ECF No. 39.)

Within the ruling on entitlement, I explained that petitioner had, on her own initiative, briefed the question of her damages in addition to her entitlement to compensation. (ECF No. 39, pp. 4-5; *see also* ECF No. 34, pp. 2-3 n.1, 33-40.) And, although respondent objected to reaching that issue, his objection was limited to the fact that entitlement had not yet been resolved. (ECF No. 39, p. 4; *see also* ECF No. 36, p. 1 n.1.) He did not indicate that he wished to develop the record further with respect to

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

damages.  (ECF No. 39, p. 4.)  Given respondent's objection, the ruling did not resolve the appropriate amount of damages; however, the ruling explained that an order to show cause would be issued requiring respondent to provide his responsive briefing on the issue of damages.  (*Id*. at 5, 20.)  An order to show cause was issued on the same date as the ruling on entitlement instructing respondent to show cause within 30 days "why petitioner should not be awarded damages in the amount requested in her motion for a ruling on the written record."  (ECF No. 40, p. 2.)  In the order to show cause, it was explained that petitioner had fully briefed the issue of damages, requesting only an award of $65,000.00 for pain and suffering, and that her assessment of her damages remained unrebutted.  (*Id*. at 1.)  Respondent's May 15, 2026 show cause deadline has passed and respondent has not filed any response.  Nor has respondent provided any indication that the parties are otherwise engaged in efforts to informally resolve petitioner's damages.[3]

In light of the above, I conclude that both parties have had a full and fair opportunity to develop the record with respect to the appropriate amount of damages in this case.  Moreover, based on my review of the record as a whole, and in consideration of petitioner's arguments as to the appropriate amount of damages and the lack of opposition, I conclude that $65,000.00 represents reasonable compensation for the pain and suffering petitioner experienced as result of her SIRVA.

Accordingly, **I award petitioner a lump sum payment of $65,000.00 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master

---

[3] Within the show cause order, I advised that I would entertain a request to suspend the show cause deadline to facilitate discussions regarding informal resolution of damages, but only if the request was made jointly by both parties.  (ECF No. 40, p. 2.)

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.